UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUZ ALEJANDRO SALAZAR SERRANO (A# 221-000-531),<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN,<br><br>                    Respondent. | No.  1:26-cv-02346 DAD SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241.  District Judge Drozd referred the matter to the undersigned on April 1, 2026, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  ECF No. 8.

**I.      Factual and Procedural History**

Petitioner is a citizen and national of Venezuela who has been in immigration detention since February 26, 2026.  ECF No. 1 at 1.  On March 20, 2026, an immigration judge ("IJ") ordered Petitioner removed to Venezuela.  ECF No. 7 at 7-8.  Both Petitioner and the Department of Homeland Security ("DHS") waived appeal.  Id. at 8.

On March 26, 2026, Petitioner filed a § 2241 petition and motion for temporary restraining order ("TRO") challenging his detention under the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 2.  By way of relief, he sought immediate release under appropriate conditions of supervision or, in the alternative, an individualized bond hearing before an IJ in

1

which the government bears the burden of proof by clear and convincing evidence.  Id. at 3. Respondent opposed the petition and TRO motion on grounds that Petitioner has an administratively final removal order and is thus subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2).  ECF No. 7 at 2-3.

On April 1, 2026, District Judge Drozd denied Petitioner's TRO motion via minute order. ECF No. 8.  Citing his prior ruling in Singh v. Cruz, No. 1:26-CV-00591-DAD-CKD, 2026 WL 320410, at *3 (E.D. Cal. Feb. 6, 2026), Judge Drozd held that Petitioner was subject to mandatory detention for 90 days following his removal order becoming administratively final and that due process did not require Petitioner's immediate release during that initial 90-day period of mandatory detention.  Id.  Judge Drozd then referred the matter to the undersigned for further proceedings.  Id.

## II.    Legal Standards

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Detention is mandatory during the 90-day "removal period" following the entry of a final order of removal.  See 8 U.S.C. § 1231(a)(1)-(2).  "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement."  Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)).

An order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)).  DHS regulations further clarify that "[e]xcept when certified to the [BIA], the decision of the [IJ]

2

becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39; see also 8 C.F.R. § 1241.1(b) (order of removal becomes final "[u]pon waiver of appeal by the respondent").

### III.   Analysis

The posture of Petitioner's detention has not changed since Judge Drozd's TRO ruling. An IJ ordered Petitioner removed on March 20, 2026, and both DHS and Petitioner waived appeal. ECF No. 7 at 7-8. By operation of statute and DHS regulation, Petitioner's removal became administratively final on that date. 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1003.39. Therefore, Petitioner was within the 90-day "removal period" when he initiated this action on March 26, 2026, and will be subject to mandatory detention through about June 18, 2026.

The Ninth Circuit has found that detention during the 90-day removal period pursuant to § 1231(a)(2)(A) passes constitutional scrutiny. Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004). Accordingly, pursuant to Khotesouvan and consistent with Judge Drozd's reasoning in Singh, 2026 WL 320410, at *3, the undersigned finds that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2) and recommends his § 2241 petition be denied.

However, the undersigned observes that the removal period will end in a matter of weeks. "If the [noncitizen] does not leave or is not removed within the removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Immigration officials "may" only continue to detain the noncitizen after the 90-day removal period under certain circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses. 8 U.S.C. § 1231(a)(6). Therefore, the undersigned recommends that the denial be without prejudice and not foreclose Petitioner's ability to challenge the constitutionally of his immigration detention when and if it should shift to 8 U.S.C. § 1231(a)(6).

////

////

////

////

3

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner Cruz Alejandro Salazar Serrano's (A# 221-000-531) application for a writ of habeas corpus (ECF No. 1) be DENIED without prejudice.

2. Petitioner's request for status and motion for appointment of counsel (ECF No. 9) be DENIED as moot.

3. The Clerk of the Court be directed to enter judgment for Respondent and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4